{¶ 39} I agree that the trial court's decision contravened the manifest weight of the evidence. I write separately to emphasize that the lack of access to this property from the Ledgewood Development and the unique connection between this property and nearby commercial areas peculiarly suits this property to commercial use.
 {¶ 40} Not only is there no present street connection between the Ledgewood Development and the thirty-four acres of appellants' land currently zoned for single family use, but no property was set aside for that purpose when Ledgewood was developed. According to the city's lawyers at oral argument, in order to create a connection between Ledgewood and appellants' land, the city would have to appropriate existing homes in Ledgewood.
 {¶ 41} The lack of any planned connection between these two adjacent areas is consistent with the city's 1990 comprehensive plan, which proposed to rezone appellants' land to eliminate the residential designation. While there was evidence that other residential developments are accessed from commercial roads, appellants' property is unique because the access road to this property ends abruptly in a seven-lane state highway a few hundred feet from a major interstate highway exchange to the east, and a few hundred feet from one of the largest shopping centers in metropolitan Cleveland to the west.
 {¶ 42} In my opinion, the voters' rejection of the proposed settlement between the parties was unfortunate for all concerned, the city, the voters, and appellants. The settlement would have provided a seventeen-acre park to buffer the Ledgewood Development from adjacent general business property. The rejection of this extremely reasonable arrangement has required the court to engage the parties in the much less finely-tuned process of litigation, which in the end will produce an "all or nothing" result. Such rough outcomes are ill-suited to matters such as this. That said, however, I am convinced that the common pleas court, in evaluating the evidence, lost its way and created a manifest miscarriage of justice when it held that appellants had not proved that the current zoning of this property was arbitrary and unreasonable. Accordingly, I concur.